BOUTALL, Judge.
Avondale Shipyards, Inc. sought judicial review of the decision of the Administrator of the Louisiana Office of Employment Security whereby Avondale was charged $35,-130.08 in additional payments due from the fourth quarter of 1975 through the first quarter of 1977. These additional payments were employer’s contributions under the extended benefit charges occasioned by the Federal-State Extended Unemployment Compensation Act of 1970, passed by Congress to combat the effects of depression. The district court reversed and ordered the refund of $34,547.86, there being no contest over the amount assessed for the first quarter of 1977. The Administrator appeals.
It is apparent that the Administrator, in computing the benefit charges assessed against Avondale during this time period had misinterpreted the application of the Federal Law in those instances where it conflicts with Louisiana Law. As a result, charges were assessed not to the employer, but to the Federal government. Upon notification of the error, the Administrator then sought to assess the extended benefit charges against the Employer. On January 30, 1978, the Administrator assessed the contested charges attributable quarterly from the fourth quarter of 1975 to the first quarter of 1977. The basic issue is the application of L.R.S. 23:1551 to these facts, and in particular the following:
“However, the Administrator has no authority to make any adjustment or correction which will increase the contribution of any employing unit unless such adjustment or correction is made within 12 months of the occurrence of the administrative error.”
*717 It is readily apparent that only the adjustment or correction for the first quarter of 1977 falls within the 12 month period. The Administrator’s contention that “since the adjustment of the records occurred within a year of the rejection by the Federal Government of the extended benefit charges in question they were properly charged to the experience records of the employers” simply does not conform to the Statute. It is the appearance of the error, that is, its wrongful assessment, that begins the limitation running, not its discovery.
To the Administrator’s other argument, that the intent of Section 1551 is to prohibit retroactive tax rate increases and not to prohibit adjustments that might cause a tax rate increase on current or future tax rates, we say that the case of Sears, Roebuck & Company v. Lockwood Administrator, Louisiana Office of Employment Security, 378 So.2d 1010 (La.App. 4th Cir. 1979), has refuted that argument and has ruled otherwise. We follow that decision.
For the reasons assigned, the judgment of the trial court is affirmed.

AFFIRMED.